IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON  DIVISION

| | |
|---|---|
| Joseph C. Sun, | ) Civil Action No. 9:09-2050-RBH-BM |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| Bluffton Police Department, Jeffery A. | ) **ORDER** |
| Dickson, Olesya Matyushevsky, and | ) |
| Citizens Opposing Domestic Abuse, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This action has been filed by the Plaintiff, <u>pro se</u>, pursuant to, <u>inter alia</u>, 42 U.S.C. §

1983.  All Defendants have filed responsive pleadings, a separate Scheduling Order is being entered

this date.

There are several motions pending in the case.  The Defendants Bluffton Police

Department and Jeffery Dickson have filed a motion to strike ¶ ¶ 20, 21 and 22 of the Plaintiff's

Amended Complaint, which assert new claims against the Police Department.  Plaintiff opposes

Defendants' motion, arguing in part that the conduct set forth in ¶ ¶ 20-22 of his Amended

Complaint, all of which occurred after the filing of this lawsuit, was done by the Bluffton Police

Department in retaliation for Plaintiff having filed this lawsuit against them.  However, Plaintiff does

not set forth a retaliation claim in the cited paragraphs; rather, the claim asserted in those paragraphs

is that he was subjected to an unlawful search and seizure by officers who are not Defendants in this

1



case. Hence, as set forth in the Amended Complaint, the allegations of ¶¶ 20-22 bear no relation to the allegations of the original Complaint. Defendants' motion to strike these paragraphs from the Amended Complaint is therefore **granted**.

As a related matter, Plaintiff has separately moved to "supplement" his Amended Complaint with the cited paragraphs as "additional events and occurrences [which] were related to and a continuation of the wrongful acts already committed by Defendant Bluffton Police Department prior to the filing of the Complaint." This motion is **denied** since, as is previously noted, the conduct alleged in ¶¶ 20-22 of the Amended Complaint is separate and distinct from the allegations of the original Complaint, and Plaintiff has not alleged in the Amended Complaint that these actions were in retaliation for that previous conduct. Plaintiff may obviously seek further amendment of his Complaint if he believes he has the *factual* grounds to do so.[1]

Finally, Plaintiff has filed a motion to add Judge Peter Fuge of the Beaufort County Family Court as a party Defendant in this case for the limited purpose of seeking injunctive relief and/or a temporary restraining order against Judge Fuge. According to allegations contained in the Amended Complaint, Judge Fuge was the presiding judge in a domestic case involving the Plaintiff and his estranged wife. Judge Fuge apparently ruled against the Plaintiff and in favor of Plaintiff's estranged wife on several issues in that case, which may still be pending. Plaintiff's motion must be **denied**, as the Federal Courts Improvement Act of 1996 (FCIA) bars injunctive relief under the allegations set forth in Plaintiff's Complaint. See Williams v. Wettick, 241 Fed.Appx. 797, 798 (3rd Cir. 2007); Lawrence v. Kuenhold, 271 Fed.Appx. 763, 766, n. 6 (10th Cir. 2008)[Noting that the

---

[1]Defendants note in their reply memorandum that Plaintiff can always amend his Complaint if he uncovers new facts through discovery which give rise to additional claims and/or against additional Defendants, but that at this point he is effectively "putting the cart before the horse".



FCIA effectively reversed <u>Pulliam v. Allen</u>, 466 U.S. 522 (1984), in which the Court had previously held that a judge was not shielded by absolute judicial immunity from declaratory or injunctive relief].

Plaintiff's separately filed a motion for a preliminary injunction against Judge Fuge is **moot**, as Judge Fuge is not a defendant in this case.

**IT IS SO ORDERED.**



_____
Bristow Marchant
United States Magistrate Judge

January 25, 2010

Charleston, South Carolina