| | |
|---|---|
| Joseph C. Sun, ) | |
| ) | |
| Plaintiff, ) | Case No. 9:09-cv-2050-RMG-BM |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bluffton Police Dept., et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court upon the magistrate judge's recommendation. The record includes the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). Because petitioner is *pro se*, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). No objections have been filed to the magistrate's report.

Absent a timely objection from a dissatisfied party, a district court is not required to review, under a *de novo* or any other standard, a Magistrate Judge's factual or legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Wells v. Shriner's Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997). Here, because the Petitioner did not file any specific, written objections, the Court need not conduct a *de novo* review of any portion of the report and recommendation. Accordingly, the Court hereby adopts

---

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02 (B)(2), D.S.C., the magistrate judge is authorized to review all pretrial matters and submit findings and recommendations to the Court.

the Magistrate Judge's R&R (Dkt. No. 89) as the Order of this Court, and it is

**ORDERED** that the Defendants Matyushevsky and CODA's motion to dismiss are **granted**, and that these Defendants are **dismissed** as party Defendants in this case. Further, as these two Defendants are the only Defendants named in Plaintiff's First Cause of Action (RICO claim), Plaintiff's first cause of action is **dismissed**, *in toto*. With respect to Plaintiff's remaining § 1983 excessive force claim (Count 2 of the Complaint), Bluffton Police Department is **dismissed** as a party Defendant in this case. However, the motion to dismiss with respect to the Defendant Dickson is **denied** for the reasons stated in the R&R in this early stage of the proceeding. Thus, the only remaining claim in this matter is Plaintiff's § 1983 excessive force claim against the Defendant Dickson.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

September 21, 2010
Charleston, South Carolina