IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph C. Sun, | ) | Civil Action No. 9:09-cv-2050-RMG -BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Jeffery A. Dickson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983. As a result, the case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Magistrate recommended granting Defendant's motion for summary judgment. (Dkt. No. 141). Plaintiff has failed to object to the R&R. As shown herein, this Court has reviewed the Record for any errors of law. Having found none, this Court agrees with the Magistrate's report and adopts it as the order of this Court.

### Discussion

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

1

Here, considered in the light most favorable to the Plaintiff, the evidence reflects that the Defendant and other police officers responded to a child custody dispute call on the date in question, and that upon arrival on the scene found Plaintiff to be locked in the residence with a minor child. (See Dkt. Nos. 122-2, pp. 2, 6, 11). Plaintiff concedes that he refused to open the door for the police officers, saying that he was "scared", requiring the police officers to receive permission from the wife to force open the door. During this process Plaintiff finally opened the door at which time, again considering the disputed facts in the light most favorable to the Plaintiff, the Defendant pushed Plaintiff against the wall and secured Plaintiff's arms behind his back. Plaintiff's arms were then handcuffed behind his back, and he was placed in the Defendant's patrol car. Although the Defendant's evidence (including affidavits from the Defendant and another officer, as well as statements from additional personnel as set forth in the Incident Report) put Plaintiff in the patrol car for no more than ten minutes, and that the patrol car was turned on, Plaintiff states in his declaration that he was in the Defendant's patrol car for an hour without air conditioning. Therefore, the Court, at summary judgment considers what Plaintiff has presented to be taken as true.

Even when taking the evidence in the light most favorable to Plaintiff, the Record does not contain evidence sufficient to give rise to a genuine issue of fact as to whether excessive force was used against the Plaintiff. When considering a police officer's actions under the "objective reasonableness" standard, the Court must consider the circumstances of the particular case, including the severity of the purported crime being committed, whether the subject posed an immediate threat to the safety of the police officers or others, and whether the subject was actively resisting arrest or attempting to

evade arrest. *Graham v. Conner*, 490 U.S. 386, 396 (1989); *see Foote v. Dunagan*, 33 F.3d 445, 447-448 (4th Cir. 1994) (drawing of weapon, grabbing of car keys, and pulling driver out of car reasonable actions in investigative stop).

In this matter, the evidence shows that police officers were called to the residence for a domestic dispute, a situation which is often times tense, unpredictable, and occasionally dangerous. Further, upon arrival, Plaintiff was found to be locked inside the home with a minor child, and it is undisputed that Plaintiff initially refused to open the door, causing the police officers to attempt to force it open. There was no way for these police officers to know what situation they would confront once they gained access to the house, and the fact that the Defendant may have perceived a need to secure Plaintiff against a wall and place Plaintiff in handcuffs under these circumstances is in no way objectively unreasonable. *See Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) (stating "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").

There is also no indication in the evidence presented (including Plaintiff's evidence) that any excessive amount of force was used, or that Plaintiff suffered any injuries whatsoever. Indeed, Plaintiff's own medical exhibit confirms that he suffered no injuries as a result of this incident. *Strickler v. Waters*, 989 F.2d 1375, 1380-1381 n. 9 (4th Cir. 1993) (noting that the mere incantation of physical and mental injury is inadequate to survive a motion for summary judgment). Although it is not required that Plaintiff show he suffered more than a *de minimis* injury to maintain his excessive force claim; *see Wilkins v. Gaddy*, 130 S.Ct. 1175, 1179-1180 (2010) (Noting that the notion that significant injury is a threshold requirement for stating an excessive force claim was

rejected in *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)); the "absence of [a] serious injury" nevertheless remains relevant in an Eighth Amendment inquiry. *Wilkins*, 130 S.Ct. at 1179-1180 (holding that the extent of injury may provide some indication of the amount of force applied, and stating that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim") (citing *Hudson*, 503 U.S. at 9 (internal quotations omitted). Thus, Plaintiff has failed to produce any evidence showing a discernible injury in this case. Accordingly, Plaintiff's excessive force claim asserted as a constitutional violation should therefore be dismissed.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 25, 2011
Charleston, South Carolina

4